JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 14 94

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 1023

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE NASDAQ MARKET-MAKER ANTITRUST AND SECURITIES LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY AND BAREFOOT SANDERS,* JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of eight actions listed on the attached Schedule A and pending in two districts as follows: four actions in the District of the District of Columbia, three actions in the Southern District of New York, and one action in the Northern District of Illinois. Plaintiffs in the three New York actions originally moved, pursuant to 28 U.S.C. § 1407, for centralization of their actions and the Illinois action for coordinated or consolidated pretrial proceedings in the Southern District of New York. Subsequent to the filing of the motion before the Panel, five more actions were filed (four in the District of the District of Columbia and one in the District of Maryland), and the plaintiffs in those actions cross-moved for centralization in the District of the District of Columbia.[1] After the filing of the cross-motion, the New York action movants changed their position to make the District of the District of Columbia their first choice to be transferee forum. All responding parties agree upon centralization. Plaintiffs in fifteen potential tag-alongs support 1407 centralization in the District of the District of Columbia.[2] Plaintiffs in the Illinois action favor selection of the Northern District of Illinois as

---

*Judge Sanders recused himself and took no part in the decision of this matter.

[1] On July 29, 1994, the Maryland action, *D. Derdel, M.D. v. Alex, Brown & Sons, Inc., et al.*, C.A. No. 1:94-1840, was voluntarily dismissed by plaintiffs who subsequently refiled their complaint in the District of the District of Columbia. Transfer with respect to the Maryland action was therefore mooted, and the newly filed District of Columbia action, since it was not included on either of the two motions before the Panel in this docket, will be treated as a potential tag-along action in accordance with the Panel's Rules. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

[2] These actions (nine in the District of the District of Columbia, four in the District of New Jersey, and one each in the Northern District of California and the District of Minnesota), and any other actions that come to the Panel's attention, will be treated as potential tag-along actions.

- 2 -

transferee forum. All defendants support centralization in the Southern District of New York.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share questions of fact arising out of allegations that defendant brokers functioning as market makers on the Nasdaq Stock Market engaged in price-fixing. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is the appropriate transferee forum for this litigation. Proponents of the District of the District of Columbia forum place great emphasis on the location of non-parties Nasdaq and the National Association of Securities Dealers in the Washington, D.C. area. We note, however, that of the 24 defendants in the actions before the Panel, twenty have their principal place of business in New York City or neighboring Jersey City, New Jersey. Thus it appears that the corporate records and personnel of almost all defendants will be found in the New York City area, creating in the Southern District of New York a clear nexus for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

MDL-1023 -- In re NASDAQ Market-Maker Antitrust and Securities Litigation

---

### Northern District of Illinois

Edward Dolinar, et al. v. Sherwood securities Corp., et al., C.A. No. 1:94-3578

### Southern District of New York

Jerome Robinson v. Herzog, Heine, Geduld, et al., C.A. No. 1:94-3996
Charles Kaye, et al. v. Herzog, Heine, Geduld, et al., C.A. No. 1:94-4010
Maxine dampf v. Herzog, Heine, Geduld, et al., C.A. No. 1:94-4151

### District of the District of Columbia

Paul Silverman v. Alex, Brown & Sons, Inc., et al., C.A. No. 1:94-1478
James Krum v. Alex, Brown & Sons, Inc., et al., C.A. No. 1:94-1491
Nicholas Frangiosa v. Alex, Brown & Sons, Inc., et al., C.A. No. 1:94-1493
William Lutz v. Alex, Brown & Sons, Inc., et al., C.A. No. 1:94-1497

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 25 95

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 1023

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE NASDAQ MARKET-MAKER ANTITRUST AND SECURITIES LITIGATION

*Kenneth E. Newton, et al. v. Merrill Lynch Pierce Fenner & Smith, et al.*, D. New Jersey, C.A. No. 2:94-5343
*Jeffrey Phillip Kravitz v. Dean Witter Reynolds, Inc.*, D. New Jersey, C.A. No. 2:95-213

## BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,* JOHN F. GRADY, BAREFOOT SANDERS* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL

## ORDER DENYING TRANSFER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the two above-captioned actions (*Newton* and *Kravitz*) to vacate the Panel's order conditionally transferring the actions to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Robert W. Sweet. Thirty of the 33 brokerage firms that are sued in MDL-1023, while not parties to *Newton* and *Kravitz*, agree with movants that transfer should be denied. The three MDL-1023 defendants that are also defendants in one or the other of the New Jersey actions (Merrill Lynch Pierce Fenner & Smith and PaineWebber, Inc., in *Newton*, and Dean Witter Reynolds, Inc., in *Kravitz*) support transfer of both actions.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer of *Newton* and *Kravitz* to the Southern District of New York would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. We are not persuaded that *Newton* and *Kravitz*, which challenge conduct different from that at issue in MDL-1023 and involve different legal claims, share sufficient questions of fact with the MDL-1023 actions to warrant transfer at this time. Given the proximity of the two districts and the capabilities of the two judges assigned the actions, we expect that voluntary cooperation among the parties, their counsel and the courts will be sufficient to deal with any overlapping common matters. Should future developments prove otherwise, the parties remain free to then approach the Panel with a motion for Section 1407 transfer.

---

*Judges Brimmer and Sanders took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the conditional transfer orders entered with respect to the actions entitled *Kenneth E. Newton, et al. v. Merrill Lynch Pierce Fenner & Smith, et al.*, D. New Jersey, C.A. No. 2:94-5342; and *Jeffrey Phillip Kravitz v. Dean Witter Reynolds, Inc.*, D. New Jersey, C.A. No. 2:95-213, be, and the same hereby are, vacated, and transfer of the two actions is DENIED.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -4 95

**DOCKET NO. 1023**

PATRICIA D. HOWARD
CLERK OF THE PANEL

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE NASDAQ MARKET-MAKER ANTITRUST AND SECURITIES LITIGATION*

*Robert K. Tisdale, et al. v. A.G. Edwards & Sons, Inc., et al.*, M.D. Alabama, C.A. No. 2:96-66

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the above-captioned action (*Tisdale*) to vacate the Panel's order conditionally transferring the action to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Robert W. Sweet. All defendants in *Tisdale* support transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Tisdale* involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of *Tisdale* to that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Tisdale* is appropriate for reasons expressed by the Panel in its original order directing transfer in this docket, wherein the Panel concluded that the Southern District of New York was the appropriate forum for actions with multiple common defendants and involving allegations that defendant brokers functioning as NASDAQ market-makers engaged in price-fixing. See *In re NASDAQ Market-Maker Antitrust and Securities Litigation* MDL-1023, (J.P.M.L. October 14, 1994) (unpublished order).

Plaintiffs in *Tisdale* assert that the action should not be transferred, in part, because a motion to remand to state court is presently pending in the action. We note, however, that a motion to remand can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990) (the Panel has jurisdiction to transfer a case in which a jurisdictional

---

\*Judge Sanders took no part in the decision of this matter.

- 2 -

objection is pending, that objection to be resolved by the transferee court); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Robert K. Tisdale, et al. v. A.G. Edwards & Sons, Inc., et al.*, M.D. Alabama, C.A. No. 2:96-66, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*John F. Nangle*
John F. Nangle
Chairman